IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

EDMOND GRISHAM,

Defendant.

CRIMINAL ACTION FILE

NO. 1:17-CR-208-MHC-CMS

## ORDER

This action comes before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Catherine M. Salinas [Doc. 54] recommending that Defendant's Motion to Suppress Evidence [Doc. 19] be denied and that Defendant's Motion to Suppress Statements [Doc. 48] be denied as moot. The Order for Service of the R&R [Doc. 55] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. After receiving an extension of time, Defendant filed his objections to the R&R [Doc. 63] ("Def.'s Objs.").

I. STANDARD OF REVIEW

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. DISCUSSION

### A. MOTION TO SUPPRESS EVIDENCE

Defendant moves to suppress evidence relating to unsolved bank robberies that was found in a vehicle driven by Defendant after officers conducted an investigatory stop. Defendant contends that no reasonable suspicion justified the investigative stop. Def.'s Objs. at 9-11.

In this case, Lieutenant Shane Stansfield of the DeKalb County Police Department was involved in an investigation of a series of commercial store robberies. Tr. of Evidentiary Hr'g [Doc. 38] at 8. Stansfield reviewed videos of some of the vehicles used in the robberies, videos of the suspect, and witness statements. Id. at 10. One of the vehicles shown in the videos was a silver, wagon-styled Suburu with tinted windows, a dent in the right front fender area, and a sticker on the top of the back window. Id. at 11-12, 21-22. The suspect on the videos appeared to be a heavyset African American male from five-feet-seven-inches to six feet with a roundish face. Id. at 20, 46. The description of the suspect and vehicle were shared with DeKalb County police officers, including those in the commercial robbery unit, through the issuance of a BOLO ("be on the lookout") description. Id. at 42, 60.

3

On December 26, 2016, Stansfield proceeded to an Econo Lodge hotel near Glenwood Road and I-285 after receiving a tip that a suspect in the robberies was staying there. Id. at 9, 12-14, 30. Stansfield saw a Suburu in the parking lot which matched the description of the Suburu that was identified in the robbery videos and followed it as it pulled out. Id. at 11-14, 31-33. Stansfield radioed other officers to advise them he was following a vehicle that may have been used in an armed robbery. Id. at 13. Stansfield followed the vehicle for about ten minutes until other officers came up in front of the vehicle and stopped it from moving. Id. at 16. Stansfield observed other officers take Defendant out of the car and back to one of the patrol cars, and one of the officers told Stansfield he had observed a gun in plain view in the front of the car. Id. at 17. Defendant matched the description of the person on the videos who has committed the robberies. Id. at 17, 19-21, 34. The vehicle also had a dent on the front right side. Id. at 19. Stansfield then observed a semi-automatic weapon sitting between the seats in the vehicle with the hammer pulled back. Id. at 17. Stansfield then contacted Detective Chasity Cantrell of the commercial robbery unit to report on his observations. Id. at 18, 39-40. Cantrell, who has also investigated the robberies and observed the videos, arrived on the scene a few minutes later and observed that the Suburu and Defendant matched the descriptions of the suspect and one of the vehicles used in

4

the robberies. Id. at 18, 40-41, 44-46, 64-65. Cantrell also observed from the outside of the vehicle a handgun which matched the description of a gun described by a witness at one of the earlier robberies. Id. at 66. Defendant was thereafter arrested and interviewed in the major felony unit. Id. at 45, 68.

The police "may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000); see also Terry v. Ohio, 392 U.S. 1, 30-31 (1968). This includes the right to stop "a moving automobile to investigate a reasonable suspicion that its occupants are involved in criminal activity." United States v. Hensley, 469 U.S. 221, 226 (1985).

> Reasonable suspicion demands "considerably less" than probable cause, but "the police are required to articulate some minimal, objective justification for the stop." United States v. Mikell, 102 F.3d 470, 475 (11th Cir. 1996). That justification may be based on the information available to the officer at the time. See [United States v.] Arvizu, [534 U.S. 266,] 273 [(2002)].

United States v. Webster, 314 F. App'x 226, 229 (11th Cir. 2008) (parallel citations omitted).

To determine whether reasonable suspicion exists, the court "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing."

5

Arvisu, 534 U.S. at 273. Examining the totality of the circumstances "allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." Id. at 273 (quotation and citation omitted). The Court will give due weight to an officer's experience and expertise when evaluating reasonable suspicion. Ornelas v. United States, 517 U.S. 690, 699 (1996); see also United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2000) ("[g]reat deference is given to the judgment of trained law enforcement officers on the scene.") (internal quotation marks and citation omitted).

Defendant argues that the totality of the circumstances fails to establish that reasonable suspicion justified the investigative stop. Def.'s Objs. at 9. Defendant contends that the description of the robbery suspect was vague and that a vehicle that was used for one of the robberies hours earlier was not a Suburu. Id. at 9-10. However, after review of the totality of the circumstances in this case, the Court finds that the officers did have reasonable suspicion to suspect that the Suburu observed by Stansfield was one of the vehicles involved in at least one of the robberies. The description of the vehicle was detailed as to color, tinted windows, damage to a specific area of the vehicle, and sticker. The vehicle also was observed by Stansfield in a motel parking lot following a tip that a suspect in the

6

robberies was staying at the motel. This was not just a generic description of a vehicle's color. See Webster, 314 F. App'x at 229 ("Although we agree that the BOLO description was far from a model of clarity, we do not agree that it was prohibitively vague. This is not a case where the BOLO described only the color of the vehicle. Instead, the BOLO described a dark-colored vehicle with writing on the rear window to the effect of "Down South Customs." We are convinced that such a description sufficiently narrows the field of suspected vehicles so as to support reasonable suspicion for a Terry stop."). In addition, the stop was "reasonably related in scope to the circumstances which justified the interference in the first place." Terry, 392 U.S. at 20. Therefore, Defendant's objections to the R&R with respect to the Magistrate Judge's ruling on Defendant's Motion to Suppress Evidence are **OVERRULED**.

### B. MOTION TO SUPPRESS STATEMENTS

Based upon the Government's informing the Court that it does not intend to use any of Defendant's post-arrest statements during it case-in-chief, the Magistrate Judge recommends that Defendant's Motion to Suppress Statements be denied as moot. Defendant has not objected to this recommendation.

## III. CONCLUSION

Accordingly, after a *de novo* review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** his objections [Doc. 63]. Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 54] as the Opinion and Order of the Court.

It is hereby **ORDERED** that Defendant's Motion to Suppress Evidence [Doc. 19] is **DENIED** and Defendant's Motion to Suppress Statements [Doc. 48] is **DENIED AS MOOT.**

It is further **ORDERED** that the time between the date the Magistrate Judge certified Defendant ready for trial on September 5, 2018, and the issuance of this Order, shall be excluded in calculating the date on which the trial of this case must commence under the Speedy Trial Act because the Court finds that the delay is for good cause, and the interests of justice in considering Defendant's objections to the Report and Recommendation outweigh the right of the public and the right of the defendant to a speedy trial, pursuant to 18 U.S.C. § 3161, *et seq.*

**IT IS SO ORDERED** this 7th day of November, 2018.

_____
MARK H. COHEN
United States District Judge