IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

EDMOND GRISHAM,

Defendant.

CRIMINAL ACTION FILE

NO. 1:17-CR-208-MHC-CMS

## ORDER

This action comes before the Court on the Final Report and

Recommendation ("R&R") of Magistrate Judge Catherine M. Salinas [Doc. 149]

recommending that Defendant Edmond Gresham ("Gresham")'s Motion to

Suppress Re: Out of Court Identification [Doc. 74] be denied.  The Order for

Service of the R&R [Doc. 150] provided notice that, in accordance with 28 U.S.C.

§ 636(b)(1), the parties were authorized to file objections within fourteen (14) days

of the receipt of that Order.   On September 22, 2021, Gresham filed his

Objections to the R&R ("Def.'s Objs.") [Doc. 151].

## I.   LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a de

novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citations omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a de novo review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II.    DISCUSSION

At the evidentiary hearing held on April 16, 2021, Sergeant Michael Buckley ("Buckley") testified that he was the lead investigator on a robbery that

2

occurred on December 25, 2016, at the Intown Market in Atlanta, Georgia.  Tr. of

Apr. 16, 2021, Evidentiary Hr'g [Doc. 132] ("Tr.") at 9-10.  A local television

station reported on the robbery two days later and, the following day, a DeKalb

County detective called Buckley to report that he watched the news story and "we

have a male that's most likely your perpetrator in custody for almost two dozen

robberies that happened in DeKalb County."  Id. at 16.  Buckley obtained the name

and photographs of evidence seized from the robberies which "matched to a 'T'

with everything that happened at the Intown Market robbery."  Id.

Buckley spoke with the cashier who was an eyewitness to the robbery and

who described the perpetrator as a heavy set black male wearing black clothing.

Id. at 15-16.  Buckley assembled a six-person photo lineup using a recent booking

photo of Gresham "along with five other photos of other males, similar age, similar

build, ethnicity, they had the same facial hair and just overall general appearance."

Id. at 9-10.   The photos are all of the same size and clarity, were taken at the same

facility, show a man wearing a black smock, and each photo is of an African

American male with black hair and facial hair.   Gov't Ex. 1 [Doc. 133-1].  The

photos were printed one to a page and each photo was placed in a separate manila

folder to present to the cashier eyewitness.  Id. at 11-12.

Buckley gave the photos to City of Atlanta police officer Willie Towns ("Towns"), who went to Intown Market to meet with the cashier. Id. at 12, 20-21. Towns did not know who the person of interest was and read verbatim from a form entitled "Photo Line -Up Admonition" which stated:

> You are about to view a group of photographs to see if you can make an identification of the person who was involved in the crime now being investigated.
>
> This group of photographs may or may not include a photograph of the person involved in this crime.
>
> You should only make an identification if you can do so.
>
> You may not talk to anyone while viewing the photographs.
>
> Since hair styles, beards, and moustaches are easily changed, the photographs you are viewing may or may not depict the hair style or the facial hair similar to that of the person who was involved in the crime being investigated.
>
> Also. note that photographs do not always depict the true complexion of a person; it may be lighter or darker than shown.
>
> Pay no attention to markings or numbers appearing in any particular photograph.
>
> Do you understand? Signature: _____

Id. at 22-23; Gov't Ex. 2 [Doc. 133-2]. The cashier signed the form indicating that he understood the instructions. Tr. 24; Gov't Ex. 2. Towns gave the cashier the photos and stepped away to give the witness enough time to review each

4

photograph.  Tr. at 24.  About three to four minutes later, the cashier told Towns he

was finished, indicated that he chose one photo, and signed and dated the photo

indicating that he has viewed a group of six photographs and "I have

**IDENTIFIED** Photograph # LN as being the person who committed the crime

now being investigated.  I make this identification freely and voluntarily, without

threats, coercion, or promise of reward."  Id. at 24-26, Gov't Ex. 2.  The photo

selected by the cashier was that of Grisham.  Tr. at 13.

Defendants object to the Magistrate Judge's finding that the photo array

shown to an eyewitness to the robbery at the Intown Market was not unduly

suggestive.  Def.'s Objs. at 2.  Grisham contends that his photo was the only one

that matched the eyewitness's limited description of the perpetrator as a "heavy set

black male" and was instead based upon the investigating officer's perception of

Grisham's pertinent characteristics, such as his age and facial hair.  Id. at 4-5.

Moreover, Grisham asserts that the photo identification was unreliable.  Id. at 6-10.

> In assessing the constitutionality of a district court's decision to admit
> an out-of-court identification, we apply a two-step process.  United
> States v. Diaz, 248 F.3d 1065, 1102 (11th Cir. 2001).  We first examine
> whether the identification procedure was unduly suggestive.  Id.  A
> pretrial identification procedure is impermissibly suggestive "when the
> police have arranged suggestive circumstances leading the witness to
> identify a particular person as the perpetrator of the crime."  [United
> States v.] Elliot, 732 F.3d [1307,] 1309-10 [(11th Cir. 2013)].  Where
> no improper police conduct exists, exclusion of the out-of-court
> identification is unnecessary.  Id. at 1310.

> If we conclude, however, that the identification procedure was unduly suggestive, we then consider whether—given the totality of the circumstances—the identification was reliable nonetheless. Diaz, 248 F.3d at 1102. Under this second step, we consider five factors in determining the reliability of a witness's identification: opportunity to view, degree of attention, accuracy of the description, level of certainty, and length of time between the crime and the identification. Neil v. Biggers, 409 U.S. 188, [198] (1972).

United States v. Williams, 688 F. App'x 895, 896-97 (11th Cir. 2017) (parallel citations omitted). When considering whether a photo array is unduly suggestive, "we consider the size of the array, the manner of its presentation, and the details of the photographs in the array." United States v. Perkins, 787 F.3d 1329, 1344 (11th Cir. 2015). The defendant bears the burden of proving that the identification procedure used was "so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). Only after the defendant meets this burden will the burden shift to the Government to prove that the identification was reliable independent of the suggestive procedure. United States v. Wade, 388 U.S. 218, 240 (1967).

This Court agrees with the Magistrate Judge that the photographic lineup presented to the cashier was not unduly suggestive. First, the procedure used by Buckley and Towns to obtain the cashier's identification was not improper "because they neither suggested which photographs the witness[] should have

chosen, pressured [him] to make [an] identification[], or indicated that [the defendant's] photograph was actually in the array."   United States v. Felix, 591 F. App'x 777, 781 (11th Cir. 2014).  Second, the photographs were six same-size photographs of African American men of similar age with black hair and facial hair, with similar appearances, the same backgrounds and resolutions, and wearing similar black smocks, meaning that they were not unduly suggestive.  Id.; see also Perkins, 787 F.3d at 1344 (affirming denial of motion to suppress when the six-person photo array depicted African American men who appeared to be roughly the same age and who had similar facial features and similar hair length); United States v. Anderson, 156 F. App'x 218, 220-21 (11th Cir. 2015) (finding photo array nonsuggestive because the photos were roughly the same size, all individuals were African American, and the font under each photo was uniform).

Grisham asserts that his photo was the only one who represented the cashier's description of the perpetrator as a "heavy set" African American male because his face was not as thin as the men in the other photos and two of the photos were of men who were "lighter skinned" than Grisham.  Def.'s Objs. at 5-6. However, a line-up is not unduly suggestive merely because the defendant's photograph is distinguishable from the other photos.  See United States v. Knight, 382 F. App'x 905, 907 (11th Cir. 2010) (finding that photo array was not unduly

7

suggestive where the defendant was of a lighter complexion than four of the other individuals in a six-photo array and where the background differed slightly); Cikora v. Duggar, 840 F.2d 893, 896 (11th Cir. 1988) (finding that photo array was not unduly suggestive despite the defendant's photo being the only one that contained height markings and differences in facial hair).   The photos presented to the cashier in this case all were similar in appearance with respect to race, age, haircut, and facial hair.  Nothing in the presentation of the photos by Towns was in the least manner suggestive.

Grisham's objection to the Magistrate Judge's finding that the photo array was unduly suggestive is **OVERRULED**.  Because Grisham has failed to meet his burden to show that the photo array was unduly suggestive, the Court is not required to consider whether the identification was reliable despite any suggestiveness.

## III.   CONCLUSION

Accordingly, after a de novo review of those portions of the R&R to which Grisham objects, the Court **OVERRULES** the objections [Doc. 151].  Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 149] as the Opinion and Order of the Court.

It is hereby **ORDERED** that Defendant Edmond Grisham's Motion to Suppress Re: Out of Court Identification [Doc. 74] is **DENIED.**

It is further **ORDERED** that the time between the date the Magistrate Judge certified Defendant ready for trial on September 8, 2021, and the issuance of this Order, shall be excluded in calculating the date on which the trial of this case must commence under the Speedy Trial Act because the Court finds that the delay is for good cause, and the interests of justice in considering Defendant's objections to the Report and Recommendation outweigh the right of the public and the right of the Defendant to a speedy trial, pursuant to 18 U.S.C. § 3161 et seq.

**IT IS SO ORDERED** this 12th day of October, 2021.

MARK H. COHEN
United States District Judge